FILED
2011 JAN 13 P 12:56
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LAURENCE W. PARADIS (CA Bar No. 122336)
ANNA LEVINE (CA Bar No. 227881)
KARLA GILBRIDE (CA BAR NO. 264118)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716
Email: general@dralegal.org

SCOTT C. LABARRE (to seek pro hac vice admission)
LABARRE LAW OFFICES, P.C.
1660 S. Albion Street, Ste 918
Denver, CO 80222
Telephone: (303) 504-5979
Fax: (303) 757-3640
Email: slabarre@labarrelaw.com

DANIEL F. GOLDSTEIN (to seek pro hac vice admission)
Trevor Co (to seek pro hac vice admission)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone: (410) 962-1030
Fax: (410) 385-0869
Email: dfg@browngold.com

Attorneys for Plaintiff

E-filing

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDL

CV 11 0199

| | |
|---|---|
| TIMOTHY ELDER<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CONFERENCE OF BAR EXAMINERS, and STATE BAR OF CALIFORNIA<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq*., AND THE UNRUH CIVIL RIGHTS ACT, CAL. CIV CODE § 51, *et seq*.<br><br>Date: TBD<br><br>Time: TBD<br><br>Courtroom: TBD |

Case3:11-cv-00199-SI Document1 Filed01/13/11 Page2 of 13

## INTRODUCTION

1. Plaintiff Timothy R. Elder brings this action against the National Conference of Bar Examiners ("NCBE") and against the State Bar of California ("State Bar") which together develop, offer and/or disseminate the Multistate Bar Examination ("MBE") as a component of the California Bar Examination. Plaintiff brings this action for violation of the Americans with Disabilities Act of 1990 ("ADA")), 42 U.S.C. § 12101, *et seq.*, and the Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51, *et seq.*

2. The State Bar of California offers the California Bar Examination twice each year, in February and July. Recent law school graduates and attorneys licensed in jurisdictions other than California who have been practicing law for less than four years must take and pass the General Bar Examination to qualify to practice law in the State of California. The General Bar Examination has three parts: six essay questions, two performance tests, and the MBE. The MBE is a 200-item multiple choice test that is controlled by NCBE.

3. Mr. Elder is a legally blind law school graduate who is registered to take the General Bar Examination in February 2011. Mr. Elder's primary reading method is to read materials in electronic format on a computer equipped with JAWS screen access software. This software, also called a "screen reader," vocalizes text and offers a variety of keystrokes that allow easy navigation within a text and that allow the speed, volume and timbre of vocalization to be controlled by the user for maximum comprehension and retentive effect. For Elder, like many blind individuals who do not master Braille from an early age, screen access software is the principal method for gaining access to textual information. Indeed, the Plaintiff uses this assistive technology as his primary reading method and this auxiliary aid is what he used to complete reading assignments during law school and for all of his law school examinations.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

***Elder v National Conference of Bar Examiners et al.*:**
COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.*, AND THE UNRUH CIVIL RIGHTS ACT, CAL. CIV CODE § 51, *et seq.*
1

Case3:11-cv-00199-SI Document1 Filed01/13/11 Page3 of 13

4. Mr. Elder has requested to take the entire California Bar Examination using his primary reading method, specifically in electronic format on a computer equipped with the JAWS screen access software. The State Bar granted Mr. Elder's request to take the essay and performance test parts of the California Bar Examination on a computer equipped with JAWS. The State Bar has denied this request with respect to the MBE, however, on the ground that the NCBE refuses to allow the MBE exam to be administered in this manner. After the State Bar issued this partial denial, Mr. Elder, through his counsel, directly asked NCBE to provide the MBE in electronic format with the JAWS screen access software. NCBE has not agreed to make the MBE exam accessible to him in this manner.

5. Defendants' refusal to provide the MBE portion of the California Bar Examination to Mr. Elder in the requested format threatens him with irreparable harm to his career, professional development, and to his right to take the bar examination without being subjected to unlawful discrimination and the stigma and humiliation that result from such discrimination. Without injunctive relief from the Court, Mr. Elder can only take the examination at a competitive disadvantage to his peers that would unlawfully burden his attempts to obtain a license to practice law in California. Plaintiff has no adequate remedy at law.

6. Plaintiff seeks declaratory and injunctive relief to compel Defendants to provide the MBE portion of the California Bar Examination to Mr. Elder in the requested format, to wit, in an electronic format on a computer equipped with JAWS screen access software. Providing the exam in this format is necessary to best ensure that Plaintiff's results on the California Bar Examination will accurately reflect his knowledge and reasoning ability and not his sensory disability.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

***Elder v National Conference of Bar Examiners et al.*:**
COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq*., AND THE UNRUH CIVIL RIGHTS ACT, CAL. CIV CODE § 51, *et seq*.
2

Case3:11-cv-00199-SI Document1 Filed01/13/11 Page4 of 13

## JURISDICTION

7. This is an action for declaratory and injunctive relief brought pursuant to the Americans with Disabilities Act Title III, 42 U.S.C. §§ 12101, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's pendent claim arising under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq*.

## VENUE

9. Pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c), venue is proper in the District in which this Complaint is filed because Defendants conduct discriminatory professional licensing activities within the Northern District of California and because a substantial part of the events and omissions giving rise to this claim have occurred and are occurring within the Northern District of California.

## PARTIES

10. Plaintiff Timothy R. Elder is a 2010 graduate of the University of California, Hastings College of Law and currently lives in Baltimore, Maryland with his wife and infant child. Mr. Elder is currently employed in the year-long disability rights law fellowship offered by the law firm of Brown, Goldstein & Levy, LLP. After completing his fellowship in September 2011, Mr. Elder plans to return to his home state of California, where his and his wife's extended families reside and where he hopes to practice law long term.

11. Mr. Elder is legally blind as a result of Retinitis Pigmentosa or Leber's Congenital Amaurosis. This condition is degenerative and causes significant decrease in visual acuity. Mr. Elder's medical condition substantially limits his major life activities of seeing, reading, and processing information. He faces irreparable harm because of Defendants' refusal to administer

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Elder v National Conference of Bar Examiners et al.*:
COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq*., AND THE UNRUH CIVIL RIGHTS ACT, CAL. CIV CODE § 51, *et seq*.
3

Case3:11-cv-00199-SI Document1 Filed01/13/11 Page5 of 13

the MBE in a manner that will best ensure that the results accurately reflect that which the MBE is intended to test rather than his sensory disability.

12. Defendant NCBE is a large corporation that develops and controls various tests relating to the licensing of law school graduates seeking admission to the bar. Its mission includes assisting bar admission authorities by providing standardized examinations for the testing of applicants for admission to the practice of law. It is headquartered in Madison, Wisconsin, but controls the format in which the MBE is offered in most states, including California. The NCBE disseminates the MBE to jurisdictions that use the examinations as a component of their bar examinations and NCBE determines and controls the formats in which the MBE is offered and administered. NCBE makes the determination with regards to whether or not the MBE is provided in electronic format with screen access software when requested by blind examinees and has only voluntarily made the MBE exam available in this format in a few instances.

13. The State Bar of California regulates the practice of law in California by establishing eligibility criteria for receiving a license to practice law in the state, evaluating applications for admission to the Bar, maintaining records of California attorneys, and conducting disciplinary proceedings. One of the criteria for gaining a license to practice law in California is passage of the California Bar Exam, which the State Bar administers and scores twice each year. The State Bar also evaluates the requests of applicants who wish to take the California Bar Examination with changes in format or auxiliary aids because of a disability. The State Bar conducts these activities throughout the state of California and has one of its two primary offices in San Francisco.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

***Elder v National Conference of Bar Examiners et al.*:**
COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.*, AND THE UNRUH CIVIL RIGHTS ACT, CAL. CIV CODE § 51, *et seq.*
4

Case3:11-cv-00199-SI Document1 Filed01/13/11 Page6 of 13

**FACTUAL ALLEGATIONS**

14. Plaintiff Timothy Elder was diagnosed with Retinitis Pigmentosa or Leber's Congenital Amaurosis in 1984, when he was four years old. His vision has gradually and progressively deteriorated since then.

15. In approximately 2002 or 2003, Mr. Elder's vision deteriorated so that he could no longer effectively rely on large print or magnification to read text. Subsequently, Mr. Elder learned and became proficient in using JAWS software to read.

16. Since 2004, Mr. Elder has used JAWS to perform nearly all academic and complex reading tasks. Mr. Elder began law school at the University of California Hastings College of Law in 2006. Throughout law school, he relied on a computer equipped with the JAWS program to perform all law school examinations and nearly all of his reading tasks. Mr. Elder also used JAWS to conduct nearly all reading tasks while working as a summer associate and law clerk throughout law school. He used JAWS daily to perform all reading tasks as a full-time legal extern for Judge Marilyn Hall Patel of the United States District Court for the Northern District of California. Mr. Elder uses JAWS to perform all reading tasks in his current employment as a disability rights fellow working at the law firm Brown, Goldstein & Levy.

17. JAWS software enables Mr. Elder to read with the same automaticity as a sighted person can read printed text, allowing him to focus on the content of the written material rather than on the process of reading. JAWS, a screen reading program, reads aloud the text of a document while providing audio cues that indicate spatial and navigation elements of the document. The JAWS software enables Mr. Elder to read and navigate independently through a text document,. Mr. Elder's fluency with JAWS is such that he is able to read without expending effort on the process of reading, instead entirely focusing on the content of the text itself.

18 Mr. Elder used a human reader to take the MBE as part of the Maryland Bar Examination in July 2010. Although Mr. Elder requested permission to use JAWS on the MBE

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Elder v National Conference of Bar Examiners et al.*:
COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.*, AND THE UNRUH CIVIL RIGHTS ACT, CAL. CIV CODE § 51, *et seq.*
5

Case3:11-cv-00199-SI Document1 Filed01/13/11 Page7 of 13

for the Maryland Bar Examination, NCBE refused to provide an electronic version of the MBE, and a court declined to order it to. Mr. Elder's experience using a human reader on the MBE was vastly inferior to using JAWS to take an examination or perform other complex reading tasks. Using a human reader substantially diminished Mr. Elder's ability to read and comprehend the material. The human reader did not provide him with the automaticity, independent ability to navigate a document, controlled reading speed, and reading fluency that he relies upon when using JAWS software. The use of a human reader caused Mr. Elder to divert significant mental energy away from comprehending the content of the examination and towards interacting with the reader, giving her directions, and deciphering her numerous mistakes reading the exam material. The refusal to provide the MBE portion of the Maryland Bar Exam in an electronic format with the JAWS screen access software program put Mr. Elder at a competitive disadvantage on the MBE section of the Maryland Bar Examination.

19. On or about November 24, 2010, Mr. Elder submitted a request to the State Bar that he be allowed to take the entire February 2011 California Bar Examination in an electronic format on a computer equipped with the JAWS screen access software program. Mr. Elder submitted all required documentation supporting his need to take the exam in this format.

20. On or about January 4, 2011, the State Bar approved Mr. Elder's request to take the California Bar Examination in an electronic format on a computer equipped with the JAWS program with respect to the essay and performance portions of the examination. Regarding the MBE, the State Bar stated the following: "[t]he National Conference of Bar Examiners (NCBE) will not provide the electronic version of the Multistate Bar Examination (MBE) questions." Letter to Timothy Elder from Debbie Rossi, January 4, 2011.

21. On or about January 5, 2011, counsel for Mr. Elder contacted counsel for NCBE and requested that NCBE permit Mr. Elder to take the MBE in electronic format on a computer equipped with JAWS.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

***Elder v National Conference of Bar Examiners et al.*:**
COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.*, AND THE UNRUH CIVIL RIGHTS ACT, CAL. CIV CODE § 51, *et seq.*
6

Case3:11-cv-00199-SI Document1 Filed01/13/11 Page8 of 13

22. NCBE has to date not agreed to grant this request.

23. Mr. Elder is and will continue to be significantly harmed by NCBE's denial.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE ADA**

24. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the complaint.

25. Title III of the ADA prohibits discrimination by private entities, including those that offer professional licensing examinations, such as NCBE.

26. The term "disability" includes, with respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 42 U.S.C. §12102(2)(A). Plaintiff Timothy Elder is a qualified individual with a disability within the meaning of 42 U.S.C. § 12102(2) and 28 C.F.R. § 36.104.

27. The ADA requires private entities that administer standardized examinations "related to . . . applications, licensing, certification, or credentialing for . . . postsecondary education [or] professional . . . purposes" to do so in a "place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

28. The regulations implementing this section of the ADA provide that a private entity that offers such examinations must "assure that . . . [t]he examination is selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual, or speaking skills . . . ." 28 C.F.R. § 36.309(b)(1)(i).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Elder v National Conference of Bar Examiners et al.*:
COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.*, AND THE UNRUH CIVIL RIGHTS ACT, CAL. CIV CODE § 51, *et seq.*
7

29. The modifications required under the ADA to examinations such as the MBE include "adaptation of the manner in which the examination is given." 28 C.F.R. § 36.309(b)(2)-(3). The entity offering the examination must "provide appropriate auxiliary aids" unless the entity "can demonstrate offering a particular auxiliary aid would fundamentally alter the measurement of the skills or knowledge the examination is intended to test or would result in an undue burden." 28 C.F.R. § 36.309(b)(3).

30. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. According to the regulations promulgated under Title II, "a public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, discriminate against individuals with disabilities." 28 C.F.R. § 35.130(b)(1). The State Bar of California is a public entity and the California Bar Examination including the MBE is a service, program or activity of a public entity for purposes of the statute. The regulations provide further that a public entity "shall take appropriate steps to ensure that communications" with persons with disabilities "are as effective as communications with others." 28 C.F.R. § 35.160(a). Where necessary, a public entity such as the State Bar "shall furnish appropriate auxiliary aids and services. . . to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity." 28 C.F.R. § 35.160(b)(1). In doing so, the regulations compel a public entity to "give primary consideration to the requests of the individual with disabilities." 28 C.F.R. § 35.160(b)(2).

31. Unless Mr. Elder takes the exam at issue in an electronic format with the JAWS screen access software as an alternative accessible arrangement, the results will not accurately

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

reflect what the examination purports to measure, but will instead reflect Plaintiff's impaired sensory skills.

32. Defendants' conduct constitutes an ongoing and continuous violation of the ADA and its supporting regulations. Unless restrained from doing so, Defendants will continue to violate the ADA. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

33. Unless the requested relief is granted, Mr. Elder will suffer irreparable harm in that he will be discriminated against and denied equal access to the California Bar Examination, and be unlawfully burdened in seeking admission to the legal profession in the state of California.

34. The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities. 42 U.S.C. § 12188(a)(1).

35. Plaintiff is entitled to injunctive relief, as well as reasonable attorney's fees and costs.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**SECOND CAUSE OF ACTION**

**CALIFORNIA CIVIL CODE § 51**

36. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the complaint.

37. The Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges and services of all business establishments of any kind whatsoever.

38. Plaintiff is legally blind and as such is recognized as a person with a disability under California Government Code § 12926 and California Civil Code § 51.

39. Defendants NCBE and the State Bar are business establishments as that term is used in California Civil Code § 51(b), and the administration, development, dissemination, and control of the MBE is an accommodation, advantage, facility, privilege, and service of Defendants in California.

40. Defendants' conduct alleged herein violates the Unruh Act, including California Civil Code § 51(b), by denying Plaintiff full and equal access to Defendants' accommodations, advantages, facilities, privileges, and/or services in California.

41. Defendants violated the Unruh Act intentionally and/or with deliberate indifference to the likelihood that they were violating the rights of blind people and/or Defendants violations are so intuitive or obvious that noncompliance could not be other than intentional.

42. In addition, a violation of the right of any individual under the ADA also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f). Defendants have violated the Unruh Act through their violation of the ADA. See *supra* ¶¶ 24 through 34.

43. As a result of Defendants' violation of the Unruh Act, Plaintiff is entitled to injunctive relief, declaratory relief, and to attorneys' fees and costs. Cal. Civ. Code § 52(a).

**THIRD CAUSE OF ACTION**

**DECLARATORY RELIEF**

44. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the complaint. Plaintiff contends that he is entitled to take the MBE portion of the California Bar Examination in an electronic format on a computer equipped with screen access software in order to demonstrate what the examination purports to measure and to obtain full and equal access to the California Bar Exam. Plaintiff further contends that Defendants are administering

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Case3:11-cv-00199-SI Document1 Filed01/13/11 Page12 of 13

the MBE portion of the California Bar Examination in a manner that discriminates against Plaintiff as a person with disabilities by denying this request.

45. Defendants disagree with Plaintiff's contention.

46. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff requests relief as set forth below.

## RELIEF REQUESTED

Plaintiff prays for judgment as follows:

1. A declaration that Plaintiff is entitled to take the MBE portion of the California Bar Examination in an electronic format on a computer equipped with the JAWS screen access software and that Defendants' refusal to offer the exam in this format discriminates against Plaintiff on the basis of his disability.

2. An order enjoining Defendants from violating federal and state disability discrimination law in their administration of the MBE by failing to allow him to take the MBE portion of the California Bar Examination in an electronic format on a computer equipped with the JAWS screen access software program.

3. An award of Plaintiff's reasonable attorneys' fees and costs; and

4. Such other and further relief as the Court deems just and proper.

Dated: January 12, 2011

DISABILITY RIGHTS ADVOCATES

By: [signature]

Laurence Paradis

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Elder v National Conference of Bar Examiners et al.*:
COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.*, AND THE UNRUH CIVIL RIGHTS ACT, CAL. CIV CODE § 51, *et seq.*
11

Case3:11-cv-00199-SI Document1 Filed01/13/11 Page13 of 13

LABARRE LAW OFFICES, P.C.

By: /s/ Scott LaBarre

BROWN, GOLDSTEIN AND LEVY, LLP

By: /s/ Daniel F. Goldstein

Attorneys for Plaintiff

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

***Elder v National Conference of Bar Examiners et al.*:**
COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.*, AND THE UNRUH CIVIL RIGHTS ACT, CAL. CIV CODE § 51, *et seq.*
12