United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ELDER, | No. C 11-00199 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| NATIONAL CONFERENCE OF BAR EXAMINERS, et al., | |
| Defendants. | |

Currently before the Court is plaintiff's motion for an award of attorneys fees and costs and defendant National Conference of Bar Examiner's ("NCBE") motion to dismiss. Having reviewed the papers submitted and arguments made, the Court GRANTS plaintiff's motion for attorneys fees and costs and GRANTS NCBE's motion to dismiss.

**BACKGROUND**

The background of this case was discussed extensively in the Court's February 16, 2011 Order granting plaintiff's request for a preliminary injunction. *See* Docket No. 52. Since that time, Mr. Elder took the California Bar exam, with the accommodations required by this Court's preliminary injunction, and passed. Currently before the Court is plaintiff's motion for attorney fees and costs as well as NCBE's motion to dismiss the case and dissolve the bond posted by Mr. Elder following this Court's preliminary injunction order.

**DISCUSSION**

**I.      Plaintiff's Motion for Attorneys Fees and Costs**

Plaintiff seeks an award of approximately $250,000 in attorneys fees and costs from defendant NCBE as a prevailing party under the American with Disabilities Act ("ADA," 42 U.S.C. § 12205) and the California Unruh Civil Rights Act ("Unruh," Cal. Code Civ. Proc. § 52(a)).

**A.      Entitlement to Attorneys Fees**

NCBE first argues that plaintiff is not entitled to attorneys fees in this case as there was not a "material alteration of the legal relationship" between the parties as required by *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). This is incorrect. The Court's denial of NCBE's motion to dismiss and its granting of Elder's motion for a preliminary injunction, materially altered the legal relationship between the parties and Elder secured all of the relief he sought in his complaint. *See Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) ("A preliminary injunction issued by a judge carries all the 'judicial imprimatur' necessary to satisfy *Buckhannon*.").

NCBE also asserts that Elder cannot be considered a "prevailing party" because he did not achieve a ruling on the merits. NCBE Oppo. at 2. NCBE, however, ignores apposite Ninth Circuit case law which holds that a plaintiff who succeeds on a preliminary injunction motion – as Elder did here – is entitled to statutory attorneys fees as a prevailing party even where a plaintiff's case is eventually dismissed as moot and there is no final determination on the merits. *See, e.g., Watson*, 300 F.3d at 1096.

Finally, NCBE argues that awarding attorneys fees in this case would be unjust because NCBE was not allowed to develop a complete evidentiary record and proceed to a judgment on the merits. However, NCBE *chose* not to appeal this Court's preliminary injunction order and now, NCBE has *chosen* to move to dismiss this case as moot. NCBE could have sought to have this case decided on the merits by arguing that even though Elder received all of the relief he sought, the case falls within the capable of repetition yet evading review exception to mootness. As NCBE's own decisions led to this point, the Court rejects NCBE's argument that attorneys fees and costs should not be awarded because of the posture of the case and the state of the record.

2

The Court finds that Elder is a prevailing party under the ADA and is entitled to statutory attorneys fees and costs thereunder.[1]

### B. Reasonable Lodestar

Generally, a district court begins its calculation of fees by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 433 (1983). The resulting number is frequently called the "lodestar" amount. *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986). In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours "that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The party seeking the award should provide documentary evidence to the court concerning the number of hours spent, and how it determined the hourly rates requested. *Id*. at 433.

#### I. Reasonable Hours

NCBE argues, assuming Elder is entitled to some attorneys fees, the number of hours plaintiff seeks to be compensated for is excessive and unreasonable and this Court should award fees based on a reduced number of compensable hours.

##### (a) Time Spent on the Complaint, Preliminary Injunction, and NCBE's Motion to Dismiss

NCBE first argues that this case was substantially similar to Elder's prior case in the District Court of Maryland. NCBE asserts that redlines comparing the complaints in the two cases, as well as the declarations submitted in support of the motions for preliminary injunction and oppositions to NCBE's motions to dismiss, show substantial overlap and that Elder needed to make only minor modifications and additions to the documents filed in this Court. NCBE Oppo. at 6-10. The Court finds

---

[1] Having prevailed under the ADA, plaintiff is also considered a prevailing party under the Unruh Act. *See Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004). As a prevailing party entitled to attorneys fees and costs under the ADA, the Court need not separately address entitlement to the same under the Unruh Act.

3

that given plaintiff's need to update the complaint with facts regarding Elder's experiences during the Maryland bar exam as well as adding the Unruh Act claim to the complaint, counsels' additional work on the complaint in this case was necessary and reasonable. However, the Court finds that the declarations submitted in both cases show overlap, and although they needed some work to incorporate facts and opinions about Elder's experience in Maryland, some of the work on the declarations was excessive. As a result, reviewing the hours spent on updating declarations, the Court will reduce the lodestar requested from **7.8 hours** to **5.8 hours**.

With respect to the oppositions to NCBE's motions to dismiss, the Court finds there is not significant overlap given Elder's need to address Ninth Circuit case law, significantly update the pleading with new background facts and evidence subject to judicial notice, and address new arguments. The Court finds, therefore, that the hours spent by counsel on that motion in this case were reasonable.[2]

NCBE also requests a reduction of hours in light of the fact that the time records submitted by Elder demonstrate an unnecessary duplication of effort among the seven attorneys who worked on the matters at three firms. *Id.*, at 11-2. NCBE challenges 27.2 hours spent by co-counsel on conference calls, 14.6 hours spent on teleconferences and 2.3 hours in meetings with co-counsel. NCBE Oppo. at 12. NCBE does not identify why it believes these hours were unnecessary. Given the time frame Elder faced – between receiving final word from NCBE that his accommodations would not be provided and having to prepare and file suit and motions so that his preliminary injunction motion could be heard sufficiently in advance of the February bar exam – plaintiff's counsel needed to coordinate and plan intensively during a relatively short period of time. The Court does not find that these hours for co-counsel coordination are unreasonable.

NCBE also challenges the time spent by the three senior attorneys on this case, arguing that hours by Lawrence Paradis and Scott LaBarre should not be allowed because these attorneys were

---

[2] NCBE also challenges 7.1 hours it claims Karla Gilbride block billed working on the declarations. However, a review of the challenged time entries shows that Gilbride also worked on other significant matters during that time, including drafting the preliminary injunction motion. While the Court discourages the use of block billing for different tasks, because it makes review of fee motions more difficult, the Court sees nothing unreasonable about the total amount of time Ms. Gilbride spent on all of the tasks identified. *See* Paradis Decl., Ex. B, Gilbride 1/9/11 and 1/11/11 entries.

4

merely reviewing documents and pleadings others had drafted. Oppo. at 12-13. NCBE points to entries on time records where these senior attorneys reviewed others' work and contends that all of those 85.6 hours should not be allowed. *See* Logan Decl., ¶¶ 17-18. NCBE however, fails to demonstrate that these "review" hours by senior attorneys – who are very experienced in ADA litigation – were not necessary in this complex and arguably precedent-setting case. The Court does not find the "review" hours excessive or otherwise unreasonable.

Similarly, NCBE asserts that Mr. LaBarre's time spent coming to San Francisco for the preliminary injunction hearing – where he did not argue – was unnecessary and should be stricken. NCBE Oppo. at 14. Mr. LaBarre's time records demonstrate that although he did not argue at the oral argument, he spent significant time preparing and moot courting Daniel Goldstein, who argued the motion. The Court finds that Mr. Barre's participation was not insignificant and notes that he did not charge for the 1.5 hours actually spent attending the oral argument.

### (b) Time Spent Opposing the State Bar's Motion for Interpleader Relief

Plaintiff also seeks compensation from NCBE for time spent opposing the State Bar's motion for interpleader relief. NCBE did not join or support the State Bar's motion for interpleader relief, and so argues that it should not be forced to pay for time related to that motion. However, the State Bar's position throughout this case was that but for NCBE's refusal to provide the accommodations Elder sought, the State Bar would have complied with Elder's request. The State Bar was only a party to this case because of NCBE's position and because plaintiff reasonably needed all entities necessary to afford him the remedy he sought (and received) to be parties in this case. As a result, the Court does not find that awarding fees to plaintiff for work spent opposing the State Bar's motion for interpleader relief would be unwarranted.

### (c) Time Opposing Motion to Dismiss

NCBE also opposes awarding plaintiff fees on any time plaintiff spent opposing NCBE's current motion to dismiss. The Court recognizes that plaintiff was concerned about this Court retaining jurisdiction to award attorneys fees, but notes that in plaintiff's opposition to the pending motion to

5

dismiss, plaintiff cites persuasive authority recognizing that a district court has ancillary jurisdiction to rule on a motion for statutory attorneys fees even where the underlying case has been dismissed as moot. Plaintiff Oppo. at 4-7. NCBE does not and did not contest the Court's jurisdiction to determine fees. NCBE Reply at 1.

A more efficient course in this case would have been for the parties to stipulate to dismissal and agree on a schedule for the Court's determination of plaintiff's attorneys fees motion. In these circumstances, the Court finds that awarding attorneys fees to plaintiff for opposing NCBE's pending motion to dismiss is not justified.

### (d) Time on "non-compensable" tasks

NCBE argues that plaintiff should not recover for law clerk, paralegal and attorney time spent on clerical tasks, *e.g.*, preparing pro hac vice applications and preparing case binders, that should have been handled by a secretary or not billed. NCBE Oppo. at 16-17. The Court has reviewed the time entries challenged by NCBE and finds that many of them do not fall into the "clerical" description NCBE attempts to impose on them. *See, e.g.*, Docket No. 72-2 at pg. 23 (NCBE categorizes an email exchange between attorneys, billed by an attorney, as a clerical or otherwise "not typically billed" task). Moreover, this Court agrees with other Judges in this district who have concluded that, at least in this relevant legal market, "tasks such as filing documents on ECF, revising and preparing documents referred to in the time records as 'filings,' and organizing certain files in anticipation of preparing a motion are not clerical tasks." *Californians for Disability Rights v. Cal. DOT*, 2010 U.S. Dist. LEXIS 141030 (N.D. Cal. Dec. 13, 2010) (Report and Recommendation of MEJ, adopted by 2/2/2011 Order, Case No. 06-5125 SBA, Docket No. 529).

Finally, NCBE argues that other "unnecessary" work should not be compensated, including case management work and hours that were billed after Elder won the preliminary injunction motion. *See* Oppo. at 15. However, this Court finds that the hours incurred by plaintiff's counsel for case management issues and stipulations between the parties is compensable. This time was made necessary until the point it became clear that NCBE was not going to pursue this litigation and was going to seek to dismiss it. Up until that point, plaintiff had no choice but to vigorously advocate and make sure his

legal team complied with the Court's case management duties and other case requirements.[3]

### ii. Reasonable Hourly Rates

NCBE also challenges the reasonableness of each rate charged by an attorney or paralegal for plaintiff. NCBE does not, however, introduce any declarations or other evidence to suggest that the rates sought by plaintiff are unreasonable. Nor does NCBE disclose the hourly rate its attorneys, paralegals and law clerks charged NCBE for their comparable work in this case. Instead, NCBE asserts that plaintiff's fees should be limited to those fees approved by the District Court in *Blackwell v. Foley*, 724 F. Supp. 2d 1068 (N.D. Cal. 2010). This Court first notes that *Blackwell*, a case against a restaurant for failure to comply with the ADA, did not – as this case did – set any new precedent or cause the defendant to change a policy which impacts potentially hundreds of individuals each year across California. The Court also recognizes that the declarations submitted in support of the rates sought in *Blackwell* found that the "rates requested were below market rates for attorneys with equal experience." *Id*., at 1079.

Plaintiff has submitted declarations detailing plaintiff counsels' extensive backgrounds in civil right litigation, and their handling high profile and precedent setting cases. Given the background of the plaintiff's attorneys in this case, therefore, "[t]o determine the reasonableness of a rate, the court must look to the market rate for highly qualified civil rights attorneys." *Californians for Disability Rights v. Cal. DOT*, 2010 U.S. Dist. LEXIS 141030, *38 (N.D. Cal. Dec. 13, 2010) (*Caltrans*). Plaintiff has relied, in support of the requested hourly rates, on declarations submitted in support of a fee motion in a different case, a complex class action that was litigated from 2006 through 2010. *Caltrans*, 2010 U.S. Dist. LEXIS 141030. The rates requested here are either identical to or slightly lower than the rates recommended by Judge James and adopted by Judge Armstrong in that case. *Id*., at *39.[4]

NCBE argues the rates approved in *Caltrans* are not justified here because of differences

---

[3] The Court notes that DRA made a 5% reduction in its fee request in an exercise of billing judgment for both their merits and fees work. *See, e.g.,* Paradis Decl., Ex. K.

[4] The hourly rates requested here are: Laurence Paradis ('85) $730; Anna Levine ('03) $535; Karla Gilbride ('07) $350; Raziya Brumfield (law clerk) $175; Daniel F. Goldstein ('73) $760; Laura Abelson ('09) $280; Trevor Coe ('10) $270; senior paralegal $245; and Scott LaBarre ('93) $640.

7

between the nature of the cases. Caltrans was a complex class action which was litigated over a number of years and which secured significant benefits for hundreds of thousands of individuals across the state. *Id*., at *5. NCBE points out that this case was brought on behalf of one individual and was resolved in a very short time. Plaintiff, however, submits evidence that following this Court's preliminary injunction order NCBE is now offering accommodations, similar to the ones the Court ordered NCBE to provide Elder, to other individuals with disabilities. *See* Paradis Reply Decl., ¶¶-7 6; LaBarre Reply Decl., ¶ 3, Ex. B. Plaintiff's counsel also argue that their unique qualifications and high levels of experience were necessary to overcome NCBE's ongoing refusal to recognize and apply the "best ensure" standard which the Ninth Circuit applied in *Enyart v. Nat'l Conf. of Bar Examiners, Inc., Inc.*, 630 F.3d 1153 (9th Cir. 2011). *See* Plaintiff's Reply at 13-14.

The Court finds the evidence submitted by plaintiff in this case, as well as the thorough analysis and adoption of similar rates in the *Caltrans* case, convincing. NCBE has not supported its attack on the rates sought by plaintiff with any evidence. As such, the Court finds. adopts and approves the rates proposed by plaintiff as reasonable.

## II.     NCBE's Motion to Dissolve the Bond and Dismiss

NCBE moves to dissolve the bond Elder was required to post following the Court's preliminary injunction and dismiss the case, as the issues between the parties are moot because Elder was provided his requested accommodations and he passed the California Bar examination. Plaintiff opposes the motion on three grounds. First, Elder argues that the case should not be dismissed until the Court rules on his motion for attorneys fees. That motion, however, has been decided. Elder's second argument is that the complaint in this case raises claims that are "capable of repetition but evading review" such that this Court has continuing jurisdiction. Specifically, plaintiff speculates that *if* he is unable to secure a job in California, he *may* look for employment in another state, then he *may* need to take another state's Bar Exam, and then would need accommodations that NCBE *might* deny. Opposition to Motion to Dismiss ("MTD") at 7-9.

Plaintiff's argument is not only based wholly on speculation as to what might happen, it is also without any support. In *this* case the complaint asserts claims against NCBE as well as against the State

1 Bar of California (as to which the case has been stayed) related to NCBE's denial of Elder's request to
2 take the California MBE with specific accommodations. *See, e.g.*, Complaint ¶¶ 1-2, 4-6. Elder's
3 current complaint does not involve any accommodations NCBE might or might not offer in other states
4 through other state bar licensing bodies; such claims would fall outside of the scope of the complaint
5 before this Court.

6 Plaintiff's final argument, that the case cannot be dismissed because Elder's $5,000 bond is still
7 in place, is likewise without merit. The bond was put in place to cover the $5,000 in costs NCBE
8 estimated it would incur in providing the required accommodations for Elder in case NCBE eventually
9 prevailed on the merits. As such, the bond protects NCBE's interests. NCBE has waived and
10 disclaimed any interest in the bond. Motion to Dismiss at 6:22-23.

11 The Court finds that the issues between the parties are moot. Plaintiff has received all of the
12 relief he sought in his complaint. Therefore, the bond should be dissolved and the case DISMISSED.

### III. Amount of Attorneys Fees and Costs Awarded

15 During the July 29, 20011 hearing, the Court indicated to counsel that it was inclined to reduce
16 the hours plaintiff sought for work on the declarations by two hours and not award fees for the time
17 plaintiff spent opposing NCBE's second motion to dismiss. The Court also agreed to hold its formal
18 ruling for two weeks, so that the parties could discuss settling the attorneys fees and costs issue.

19 On August 12, 2011, plaintiff submitted a revised declaration in support of his motion for
20 attorneys fees. In that declaration plaintiff's counsel indicated that they had not heard back from NCBE
21 in response to their proposal for settling the attorneys fees and costs issue. Docket No. 95, Paradis
22 Decl., ¶ 4. Plaintiff also provided revised and updated time records and a summary listing the hours
23 worked and fees and costs sought. Based on the revised and updated time records, plaintiff seeks a final
24 award in the amount of $224,979.05 in fees and $8,970.43 in costs. The revised request includes a
25 deduction of $19,012.42, taking into account the Court's intent to reduce by two hours the time spent

9

1  on declarations and not award fees for opposing NCBE's motion to dismiss. *Id*., and exhibits thereto.[5]
2  The revised request also includes $5,350 in fees that plaintiff "estimates" counsel spent to prepare for
3  and attend the July 29, 2011 hearing. *See id.*, ¶¶ 13, 15. This estimated amount does not include time
4  spent preparing for attending the hearing to argue against NCBE's motion to dismiss. *Id*., Ex. K at n1.

NCBE filed an opposition/response to plaintiff's revised submissions. Docket No. 96. NCBE re-raises its arguments regarding duplication of effort and objecting to compensating plaintiff for time spent opposing the State Bar's motion for interpleader relief. For the reasons discussed above, those arguments are rejected. NCBE, however, points out two errors in plaintiff's revised submissions. First, NCBE points out that there are duplicative time entries for Anna Levine on 7/13/2011 claiming 6.80 hours for work on the reply in support of fees twice. *See* Terlouw Decl., Ex. A (7/13/2011 time entries seeking $3,638.00 twice). NCBE also points out the amount of fees sought for work between June 1, 2011 and July 13, 2011 by the Brown, Goldstein & Levy firm is $1,079 and not $1,709 included in plaintiff's summary table. *See* Paradis Decl., Ex. K. [Docket No. 95-11]. The Court, therefore, will reduce the amount of fees awarded by **$4,268** to correct those errors.

Moreover, the Court finds that plaintiff has not adequately supported his request for $5,350 in "estimated" fees – as opposed to actual fees – for time spent preparing for and attending the hearing to argue in support for its motion for attorneys fees. All of that time was incurred on or before July 29, 2011, and actual time records should have been incorporated into the Paradis declaration submitted on August 12, 2011. As such, the Court finds that portion of the request is not supported by adequate documentation and will not award fees incurred by plaintiff's counsel after July 14, 2011.

As such, the Court will award plaintiff **$215,361.05 in attorney fees and $8,970.43 in costs**.

///

---

[5] NCBE contends that the amount of the deduction is actually $18,857.80. *See* NCBE Oppo. to Plaintiff's Revised Fee and Cost Records at 1 & n.1. Docket No. 96.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion for attorneys fees and costs in the amount of $224,331.48. The Court also GRANTS NCBE's motion to dissolve the bond and dismiss this case.

**IT IS SO ORDERED.**

Dated: September 12, 2011

SUSAN ILLSTON
United States District Judge